No. 12-17808

# In the United States Court of Appeals for the Ninth Circuit

---

GEORGE YOUNG
*Plaintiff-Appellant,*

v.

STATE OF HAWAII, et al.,
*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII NO. 1:12-CV-00336-HG-BMK
DISTRICT JUDGE HELEN GILLMOR

---

**MOTION OF AMICUS CURIAE EVERYTOWN FOR GUN SAFETY FOR CLARIFICATION OR AN EXTENSION OF TIME TO FILE AN AMICUS BRIEF IN SUPPORT OF THE APPELLEES**

---

ERIC TIRSCHWELL
MARK ANTHONY FRASSETTO
WILLIAM J. TAYLOR, JR.
EVERYTOWN LAW
450 Lexington Avenue, #4184
New York, NY 10017
*etirschwell@everytown.org*

DEEPAK GUPTA
JONATHAN E. TAYLOR
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741
*deepak@guptawessler.com*

*Counsel for Amicus Curiae
Everytown for Gun Safety*

February 22, 2019

In light of this Court's order staying "en banc proceedings" in this case, amicus curiae Everytown for Gun Safety respectfully requests clarification as to whether the stay encompasses *all* "en banc proceedings," including amicus briefing.

Circuit Rule 29-2(e)(2) provides that, "[u]nless the Court orders otherwise, an amicus curiae supporting the position of the petitioning party . . . must serve its brief, along with any necessary motion, no later than 21 days after the petition for rehearing is granted." The appellees' petition for rehearing en banc was granted on February 8, making amicus briefs in support of the appellees due (absent a stay) on March 1. On February 14, this Court stayed en banc proceedings "pending the issuance of an opinion by the United States Supreme Court in *New York State Rifle & Pistol Association, Inc. v. City of New York*, No. 18-280 and further order of this Court." Given the potential relevance of that case, Everytown believes that this Court would be best served if the stay were to apply to amicus briefing as well. Everytown is also reliably informed that multiple other amici would like to weigh in if there is sufficient time. Everytown thus seeks clarification that the February 14 order qualifies as "the Court order[ing] otherwise" for purposes of Circuit Rule 29-2(e)(2). If it does not, Everytown respectfully requests that the Court issue an order suspending the deadline for amicus briefs until after the stay is lifted, to allow amici an opportunity to brief this Court on the effect of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. City of New York*.

1

Respectfully submitted,

*/s/ Deepak Gupta*

DEEPAK GUPTA
JONATHAN E. TAYLOR
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741
*deepak@guptawessler.com*

ERIC TIRSCHWELL
MARK ANTHONY FRASSETTO
WILLIAM J. TAYLOR, JR.
EVERYTOWN LAW
450 Lexington Avenue, #4184
New York, NY 10017
*etirschwell@everytown.org*

February 22, 2019

*Counsel for Amicus Curiae
Everytown for Gun Safety*

# CERTIFICATE OF COMPLIANCE WITH RULE 29-2(c)(2)

I hereby certify that my word processing program, Microsoft Word, counted 272 words in the foregoing motion, exclusive of the portions excluded by Rule 32(f). This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Baskerville font.

*/s/ Deepak Gupta*
Deepak Gupta

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically filed the foregoing motion with the Clerk of the Court of the U.S. Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system. All participants are registered CM/ECF users, and will be served by the Appellate CM/ECF system.

*/s/ Deepak Gupta*
Deepak Gupta